**APOLLON WATERPROOFING & RESTORATION, INC., and George Fakiris, Plaintiffs–Counter–Defendants–Appellants,**

v.

**Edmund J. BERGASSI, The Edmund J. Bergassi Agency, Inc., Bergassi Group, L.L.C., and George Skinner, Defendants–Counter–Plaintiffs–Appellees,**

Scovotti & Co., Balboa Insurance Co., DH Farney, Fidelity & Deposits Ins. Co., Fireman's Fund Ins. Co., Int'l Fidelity Ins. Co., Marathon Orbit Co., Inc. (f/k/a Marathon Painting), Mountbatten Surety Co., Pacific Indemnity Company, Pacific Surety, Ranger Security, Redland Ins., Ulico Ins., Universal Bonding Ins., John Albano, Daniel Bickmor, Frank Goodman, Anthony Scovotti, Christopher Scovotti, John Doe Companies, and John Doe Persons, 1 through 50, Defendants–Appellees.

Docket No. 03–7446.

United States Court of Appeals, Second Circuit.

Feb. 2, 2004.

We expect that the government will provide Williams with such a letter in accordance with its understanding.

Jeffrey N. Drummond, New York, New York, for Appellants.

Randolph E. Sarnacki, Lustig & Brown, LLP (James C. Keidel, Stephen Cunningham, on the brief), New York, New York, for Appellees Scovotti & Co., Anthony Scovotti, and Christopher Scovotti.

Cheryl F. Korman, Rivkin Radler LLP (Evan H. Krinick, Todd M. Belous, on the brief), Uniondale, New York, for Appellee Frank Goodman.

John O. Lukanski, Wolff & Samson PC (Darryl Weismann, on the brief), New York, New York, for Appellees International Fidelity Insurance Company and Universal Bonding Insurance Company.

David B. Chenkin, Zeichner Ellman & Krause LLP, New York, New York, for Appellee Balboa Insurance Co.

Neil B. Connelly, White Plains, New York, for Appellees Edmund J. Bergassi, The Edmund J. Bergassi Agency, Inc., Bergassi Group, L.L.C., George Skinner, and Ranger Security.

Edward J. Reich, Sonnenschein Nath & Rosenthal (Michael H. Barr on the brief), New York, New York, for Appellee Firemen's Fund Insurance Co.

Arnold S. Klein, Meltzer, Lippe & Goldstein, LLP, Mineola, New York, for Appellees Marathon Orbit Co., Inc. (f/k/a Marathon Painting).

Lawrence Novak, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, New York, for Appellees Redland Insurance Company, Fidelity and Deposit Company of Maryland, and Mountbatten Surety Company, Inc.

Ira Bergman, Duane Morris, New York, New York, for Appellee Ulico Insurance Group.

Louis A. Modugno, McElroy, Deutsch & Mulvaney, LLP, Morristown, New Jersey, for Appellee Pacific Indemnity Co.

Present: GRAAFEILAND, SACK and RAGGI, Circuit Judges.

## SUMMARY ORDER

On September 7, 2001, plaintiffs-appellants Apollon Waterproofing & Restoration, Inc., and its principal, George Fakiris, filed suit under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), as well as various state laws, charging that, from 1984 to 1989, defendants-appellees engaged in a scheme to issue fraudulent construction bonds to Apollon, and that, when New York City officials discovered the fraud, Apollon was precluded from bidding upon a number of future municipal construction projects.[1] The complaint further charges that in April 2000 defendants Edmund J. Bergassi and The Edmund J. Bergassi Agency ("Bergassi Agency") fraudulently conveyed the assets of the Bergassi Agency to the Bergassi Group, L.L.C., to prevent Apollon from collecting on a state-court judgment entered against the Bergassi Agency in connection with the bond scheme.

The district court dismissed plaintiffs' RICO claims pursuant to Fed.R.Civ.P. 12(b)(6) as barred by the statute of limitations and declined to exercise supplemental jurisdiction over the remaining state law claims. *See Apollon Waterproofing & Restoration, Inc. v. Bergassi*, 2003 WL 1397394 (S.D.N.Y. Mar.20, 2003). Plaintiffs now appeal, arguing that the dismissal of the RICO claims was improper; they do not claim that the district court abused its discretion in declining to exercise supplemental jurisdiction.

We review dismissal pursuant to Rule 12(b)(6) *de novo. See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir.1998). Dismissal is appropriate only if, accepting the material facts alleged in the complaint as true and drawing all reasonable inferences in plaintiffs' favor, we conclude that plaintiffs are not entitled to relief as a matter of law. *See Harris v. City of New York*, 186 F.3d 243, 251 (2d Cir.1999).

Civil RICO claims are subject to a "four-year statute of limitations." *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 35 (2d Cir.2002). "The limitations period begins to run when the plaintiff discovers or should have discovered the RICO injury." *In re Merrill Lynch Ltd. Partnerships Litigation*, 154 F.3d 56, 58 (2d Cir. 1998) (per curiam).

■ Plaintiffs submit that they have presented timely injuries by alleging that defendants' racketeering activities resulted in Apollon's being ruled ineligible for a number of City construction projects. Lost contracts that could have been obtained but for racketeering activities are cognizable injuries under RICO. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1343 (2d Cir.1994). But plaintiffs' complaint fails to identify a single contract loss occurring after September 6, 1997, nor does it allege facts supporting a causal connection between a lost contract and defendants' alleged racketeering activities. Even under the liberal pleading standard of Fed.R.Civ.P. 8(a), plaintiffs "must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir.2000) (internal quotation marks omitted). Plaintiffs' conclusory pleading of unspecified lost contracts fails to provide such minimal notice of a timely

---

1. The complaint acknowledges that, for a period of time after Apollon discovered the fraud, it falsely represented to New York City agencies that its construction work was properly bonded and that, for this criminal conduct, plaintiffs pleaded guilty to mail fraud in 1992.

injury stemming from the fraudulent bond scheme for which they would be entitled to relief. *See generally Connell v. Signoracci,* 153 F.3d 74, 82 (2d Cir.1998).

■ Plaintiffs maintain that their failure to identify any lost contract within the limitations period did not warrant dismissal because they were also injured by defendants' alleged fraudulent conveyance, which occurred within the limitations period. We disagree. A lost debt may be recovered through a civil RICO action only if the debt "(1) cannot be collected (2) by reason of" racketeering activities. *Stochastic Decisions, Inc. v. DiDomenico,* 995 F.2d 1158, 1165 (2d Cir.1993) (citing 18 U.S.C. § 1964(c)). Plaintiffs' complaint fails to allege facts satisfying either requirement.

First, plaintiffs fail to plead facts indicating that their state-court judgment is not collectable despite the alleged transfer. Although the general rule under New York law is that an entity "which acquires the assets of another is not liable for the torts of" the acquiree, that rule does not obtain if "the transaction is entered into fraudulently to escape such obligations." *Schumacher v. Richards Shear Co., Inc.,* 59 N.Y.2d 239, 244–45, 464 N.Y.S.2d 437, 451 N.E.2d 195 (1983). Plaintiffs' complaint alleges that the conveyance to the Bergassi Group, L.L.C., occurred for precisely such a fraudulent purpose, i.e., to avoid satisfying the state-court judgment. Thus, the inference to be drawn from the pleading is that the judgment is collectable.

Second, and more important, a fraudulent conveyance does not constitute an act of racketeering. *See* 18 U.S.C. § 1961(1)(A). Plaintiffs argue that their allegation is nevertheless sufficient because the conveyance "undoubtedly" involved racketeering acts of wire or mail fraud and "probably" also money-laundering and other unspecified racketeering activities. *Appellants' Br.* at 22. The argument is not well taken. Our review is limited to plaintiffs' complaint, which does not plead any such racketeering acts in furtherance of the conveyance. *See, e.g., Leonard F. v. Israel Discount Bank of New York,* 199 F.3d 99, 107 (2d Cir.1999); *see also* Fed.R.Civ.P. 9(b) (requiring averments of fraud to be stated with particularity).

■ In a final effort to preserve their suit, plaintiffs maintain that the district court erred by dismissing their complaint without granting leave to amend. We review a district court's decision not to permit amendment of a complaint for abuse of discretion, mindful that leave to amend should be freely granted when justice requires. *See* Fed.R.Civ.P. 15(a); *Nettis v. Levitt,* 241 F.3d 186, 192 (2d Cir.2001). In this case, plaintiffs had one-and-one-half years from the filing of their complaint to its dismissal to seek leave to amend, but never presented such a request to the district court, opting instead to maintain the adequacy of their original pleading. Under these circumstances, we cannot say that the district court abused its discretion by failing to grant leave *sua sponte, see In re American Exp. Co. Shareholder Litigation,* 39 F.3d 395, 402 (2d Cir.1994), particularly in light of other concerns about the adequacy of plaintiffs' RICO pleading, notably with respect to the necessary two or more predicate acts of racketeering by each defendant charged with substantive RICO violations, *see Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1176–77 (2d Cir. 1993); *see also* Fed.R.Civ.P. 9(b).

Accordingly, the district court judgment dismissing plaintiffs' RICO claims as untimely is hereby AFFIRMED.